TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
LIANA MAYILYAN (SBN 295203)
lmayilyan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625

Attorneys for Defendant
Midland Credit Management, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN MATA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.; AND DOES 1 to 20, INCLUSIVE,<br><br>　　　　Defendants. | CASE NO.: 5:14-cv-02753<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Midland Credit Management, Inc., a Kansas Corporation whose principal place of business is in San Diego, California, ("Defendant"), hereby removes to this Court the state court action described below.

1. On May 6, 2014, an amended complaint was filed against Defendant by plaintiff Helen Mata ("Plaintiff"), in an action pending in Superior Court of the State of California in and for the County of Santa Clara, entitled *Helen Mata v. Midland Credit Management, Inc.; And Does 1 to 20, Inclusive*, Case No. 113CV253531. A copy of the state court First Amended Complaint ("Complaint") and First Amended Summons served on Defendant are attached hereto as **Exhibit A**.

2. This removal petition is timely under 28 U.S.C. § 1446(b) because Defendant was served on May 16, 2014, as reflected on the Service of Process transmittals that are attached hereto as **Exhibit B**.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the Complaint asserts claims against Defendant arising under 15 U.S.C. § 1692, *et seq.* (the "Fair Debt Collection Practices Act" or "FDCPA"). *See* Exhibit A, Complaint, No. 1.

4. The Complaint was filed in the Superior Court of the State of California, County of Santa Clara. Venue in this District Court is proper. *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(a) (The Northern District, San Jose Division, comprises the counties of, inter alia, Santa Clara).

5. Defendant is represented by the undersigned.

//
//
//


| | |
|---|---|
| 1  DATED: June 13, 2014 | SIMMONDS & NARITA LLP |
| 2 | TOMIO B. NARITA |
|   | LIANA K. MAYILYAN |

By:  /s/Liana Mayilyan
     Liana Mayilyan
     Attorneys for Defendant
     Midland Credit Management, Inc.

# Exhibit A

```
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff
```

ENDORSED FILED
2014 MAY -6 AM 11:18
David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____ Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA
LIMITED JURISDICTION

| | |
|---|---|
| HELEN MATA, <br><br> Plaintiff, <br><br> vs. <br><br> MIDLAND CREDIT MANAGEMENT, INC.; AND DOES 1 TO 20, INCLUSIVE, <br><br> Defendant. | CASE NO.: 113CV253531 <br><br> FIRST AMENDED COMPLAINT FOR MONEY, INJUNCTIVE AND DECLARATORY RELIEF <br><br> Amount not to exceed $10,000 <br><br> 1. Violation of Rosenthal Fair Debt Collection Practices Act <br> 2. Violation of Fair Debt Collection Practices Act |

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//
//

First Amended Complaint - 1

## II. PARTIES

2. Plaintiff, HELEN MATA ("Plaintiff") is a natural person residing in SANTA CLARA county in the state of California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, MIDLAND CREDIT MANAGEMENT, INC., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 20, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure.*

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 20 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

6. At all times mentioned, each of the defendants, whether actually named or fictitiously named, was the agent of the other defendants, whether actually named or fictitiously named, and each other and was at all times acting within the purpose and scope of such agency. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein each defendant, whether actually or fictitiously named was the

principal, agent or employee of each other defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to plaintiff for the relief prayed for herein. At all times relevant herein, defendants ratified the unlawful conduct of the other defendants, who were acting within the scope of their agency or employment, by accepting the benefits of the transaction(s) with knowledge of the wrongdoing, or otherwise by failure to repudiate the misconduct.

### III. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff to collect an alleged outstanding debt.

8. Defendant contacted Plaintiff at (408) 561-7996, in connection with an attempt to collect a debt allegedly owed by Plaintiff.

9. On average, Defendant contacted Plaintiff approximately two times per day in connection with an attempt to collect a debt allegedly owed by Plaintiff.

10. On average, Defendant contacted Plaintiff approximately ten times per week in connection with an attempt to collect a debt allegedly owed by Plaintiff.

11. On at least one occasion, Plaintiff informed Defendant that she could not make the payment and that she was homeless. Plaintiff requested Defendant to stop contacting her. Despite her requests, Defendant continued to call her in connection with an attempt to collect a debt.

12. Defendant contacted Plaintiff with such frequency as to annoy and harass Plaintiff, including but not limited to multiple calls per week.

13. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

  a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d));

  b. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

  c. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

  d. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));and

  e. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, (§ 1692c(a)(1)).

14. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5)*.

15. As a result of the above violations of the RFDCPA and FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff' actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees,
    D. For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages;
    C. Costs and reasonable attorney's fees; and,
    D. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this April 29, 2014.

By: _____
Todd M. Friedman, Esq.
Attorney for Plaintiff,

First Amended Complaint - 5

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 369 S. DOHENY DR. #415 BEVERLY HILLS, CA 90211.

On April 29, 2014, I served the following document(s) described as: **First Amended Complaint and First Amended Summons**, on all interested parties in this action by placing:

[X] a true copy
[ ] the original thereof enclosed in sealed envelope(s) addressed as follows:

Cristine Reynaert
Doll Amir Eley LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067

    [ ] BY FACSIMILE – The facsimile machine used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), caused the machine to print a record of the transmission.

    [X] BY MAIL (1013 a, 2015.5 CCP)

        [ ] I deposited such envelope in the mail at Beverly Hills, California. The envelope was mailed with postage thereon fully prepaid.

        [ ] I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    [X] STATE – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 29, 2014, at BEVERLY HILLS, California.

By: _____
Jennifer Shaouli

1

**First Amended**
# SUMMONS
## (CITACION JUDICIAL)

SUM-100

ENDORSED
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
FILED

2014 MAY -6 AM 11:18

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: B. CHOP____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MIDLAND CREDIT MANAGEMENT, INC. ; AND DOES 1 TO 20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HELEN MATA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Santa Clara
191 North First Street
San Jose, CA 95113

**CASE NUMBER:** *(Número del Caso):* 113CV253531

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd Friedman (SBN 216752), 369 S. Doheny Dr. Ste 415, Beverly Hills, CA 90211, 877-206-4741

DATE: MAY 06 2014    Clerk, by B. CHOPPOCH, Deputy
(Fecha)              (Secretario)   (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Midland Credit Management, Inc.
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 5/16/14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# Exhibit B



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**KZS / ALL**
**Transmittal Number: 12534732**
Date Processed: 05/17/2014

| | |
|---|---|
| **Primary Contact:** | Milana Ashirov<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 1300<br>San Diego, CA 92108 |
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number  1682419 |
| **Entity Served:** | Midland Credit Management, Inc. |
| **Title of Action:** | Helen Mata vs. Midland Credit Management, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Santa Clara County Superior Court, California |
| **Case/Reference No:** | 113CV253531 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/16/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Todd M. Friedman<br>877-206-4741 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com